# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| LENNIS JOSEPH GEORGE | CIVIL ACTION |
|---|---|
| VERSUS | NO: 08-4005 |
| APACHE CORPORATION, ET. AL. | SECTION: "C" (1) |

### ORDER AND REASONS

Before the Court is defendant Fluid Crane's Motion for Summary Judgment. (Rec. Doc. 13.) Plaintiff opposes. (Rec. Doc. 14.) Plaintiff alleges he was injured while ascending metal steps on the Apache 623B production platform located offshore. (Rec. Doc. 1 at ¶ 5.) Defendant seeks summary judgment regarding any claim by plaintiff to Jones Act status.[1] (Rec. Doc. 13.) This matter was taken under advisement on the briefs without oral argument. Based on the memoranda by parties, the record in this case and the applicable law, the Court grants defendant's motion for the following reasons.

**I.  STANDARD OF REVIEW**

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable

---

[1] The Court notes that plaintiff's complaint does not specifically allege a claim under the Jones Act, but plaintiff has filed an opposition to defendant's motion.

jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also, Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

## II.    SEAMAN STATUS

To establish seaman status for Jones Act purposes, plaintiff must establish that: (1) his duties contributed to the function of the vessel or to the accomplishment of its mission; and (2) that he had a connection to a vessel or an identifiable fleet of vessels in navigation that was substantial in terms of both its duration and nature. *Harbor Tug & Barge Co. v. Papai*, 520 U.S.

548 (1997); *Hufnagel v Omega Service Ind., Inc.,* 182 F.3d 340 (5th Cir. 1999). Any identifiable fleet of vessels must be under common ownership or control. *Roberts v. Cardinal Services, Inc.*, 266 F.3d 368 (5th Cir. 2001).

As an initial matter, the Court notes that plaintiff, in a request for admission, admitted that "there are no facts which would support a finding of seaman status on the part of Lennis Joseph George, at the time of the accident at issue in this lawsuit." (Rec. Doc. 13-6 at 9, 13). Plaintiff opposes defendant's motion for summary judgment as to any claim of right by plaintiff under the Jones Act. (Rec. Doc. 14.) Plaintiff's opposition memorandum, however, does not address his previous admission that "[a] matter admitted under [Federal Rule of Civil Procedure 36 'Requests for Admission'] is <u>conclusively established</u> unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b)(emphasis added). The Fifth Circuit has noted,

> The binding nature of judicial admissions conserves judicial resources by avoiding the need for disputatious discovery on every conceivable question of fact. Once a fact is formally admitted and thereby set aside in the discovery process, "the party requesting an admission is entitled to rely on the conclusiveness" of it. 7 Moore's Federal Practice, supra, § 36.03[5], at 36-21.

*Armour v. Knowles*, 512 F.3d 147, 154 n. 13 (5th Cir. 2007). Indeed, courts have granted summary judgment based on such judicial admissions. *See e.g.*, *Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985). Clearly, plaintiff's admission is binding and plaintiff has failed to move for withdrawal or amendment of the admission. As such, the Court finds that no genuine issue of material fact exists as to plaintiff's seaman status and grants defendant's motion for summary judgment as to that claim.

In the alternative, and in an abundance of caution, the Court finds that plaintiff has failed

to demonstrate a genuine issue of material fact as to plaintiff's seaman status even if this Court were to disregard plaintiff's prior judicial admission. As to the first prong for seaman status, namely furthering the work of the vessel, no evidence in the record exists that plaintiff was injured on a "vessel." In the Fifth Circuit, "fixed platforms" are not vessels and "workers injured on them are covered under the [Longshoremen's Act], not the Jones Act." *Becker v. Tidewater, Inc.*, 335 F.3d 376, 391 (5th Cir. 2003); *see also Demette v. Falcon Drilling Co.*, 280 F.3d 492, 498 at n. 18 (5th Cir.2002)(discussing Fifth Circuit definition of vessel). Defendant provides a sworn affidavit from Fred Schaider, Senior Staff Construction Engineer for defendant Apache Corporation. (Rec. Doc. 21-3.) Mr. Schaider testifies that based on his personal knowledge plaintiff was injured while "working aboard the Apache fixed platform known as Matagorda Island 623B" and that "[t]his facility is a fixed platform and not any type of vessel." (Id.) Plaintiff fails to provide any competent summary judgment evidence to the contrary. See Fed. R. Civ. P. 56(e)(noting the appropriate types of competent summary judgment evidence.)Instead, plaintiff's memorandum argues, but fails to provide any sworn testimony, that plaintiff was injured on a "vessel" "equipped with a rake bow, lifesaving equipment, and bilge pumps." (Rec. Doc. 14 at 2.) Accordingly, no genuine issue of material fact exists regarding the location of plaintiff's injury.

Neither party has provided sufficient evidence regarding the second prong for determining plaintiff's seaman status. Defendant points to plaintiff's work tickets for the year prior to the accident as proof that plaintiff was "assigned to various platforms in the Gulf of Mexico." Rec. Doc. 13-5 at 4. Defendant also provides an affidavit from Mike Parich, an employee of defendant, who states that in general and on the day of the accident, plaintiff was

4

"randomly assigned" to land-based and offshore jobs on a job-by-job basis. (Rec. Doc. 13-6 at 6.) Plaintiff fails to provide any countervailing evidence. The Court does note that plaintiff's work tickets appear to list different job locations, but the Court lacks both an explanation as to the codes used in these work tickets and sworn assurance that the work tickets are complete. Nor does the affidavit contain enough information for this Court to conclude that the duration and nature of plaintiff's connection to a vessel was not substantial.

**III.     CONCLUSION**

Accordingly,

IT IS ORDERED that defendant Fluid Crane's Motion for Summary Judgment (Rec. Doc. 13) is GRANTED with respect to plaintiff's claim for seaman status against the defendant.

New Orleans, Louisiana, this 8th day of June, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**